# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 23, 2013

## STATE OF TENNESSEE v. TROY REYNOLDS

**Appeal from the Circuit Court for Blount County**
**Nos. C18250, C19595, C20542, C20543      David R. Duggan, Judge**

_____

### No. E2012-02588-CCA-R3-CD - Filed August 30, 2013

_____

Troy Reynolds ("the Defendant") pleaded guilty in February 2012 to evading arrest by vehicle, theft of property valued at over $1,000, and burglary. Pursuant to a plea agreement, he was sentenced as a Range I standard offender to an effective sentence of three years to be suspended and served on supervised probation, consecutive to an earlier suspended sentence. The State later filed a violation of probation warrant. The Defendant was taken into custody, and a probation revocation hearing was held. At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement. The Defendant appealed the trial court's ruling. Upon our thorough review of the record and applicable law, we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee; Mack Garner (at hearing), District Public Defender, Maryville, Tennessee, for the appellant, Troy Reynolds.

Robert E. Cooper, Jr., Attorney General & Reporter; Deshea Dulany Faughn, Assistant Attorney General; Mike Flynn, District Attorney General; Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

In February 2012, the Defendant pleaded guilty in the Blount County Circuit Court to evading arrest, theft of property valued at $1,000 or more, and burglary. Pursuant to his plea agreement on those charges, the Defendant received an effective sentence of three years as a Range I standard offender, all suspended to supervised probation. This sentence was to run consecutively to an earlier suspended sentence entered in the Blount County Circuit Court in March 2010. Subsequently, a violation of probation warrant was issued alleging that (1) the Defendant committed new crimes in violation of the laws of the State of Tennessee; and (2) the Defendant failed to report his new charges to his probation officer.

At the probation revocation hearing, Detective Sara Beal with the Blount County Sheriff's Office testified that she arrested the Defendant on new charges of theft of property valued at $10,000 or more, three counts of burglary, two counts of theft of property valued at $500 or less, and possession of burglary tools. Prior to arresting the Defendant, Detective Beal recovered a number of stolen items from the Defendant's girlfriend's house, from witnesses who stated that they had purchased items from the Defendant, and during a traffic stop of a truck in which the Defendant was a passenger. Detective Beal explained that the stolen items had been taken during the course of three separate burglaries. She also recovered burglary tools during the traffic stop, including bolt cutters, pry bars, and a flashlight. Detective Beal further testified that, after being advised of his Miranda rights, the Defendant confessed to committing one of the three burglaries before invoking his right to an attorney, at which time all questioning stopped.

Michael Stevens, a victim of one of the burglaries, testified that his storage shed was broken into and property with an estimated value of "close to" $1,000 was taken. This property was included in the items later recovered by Detective Beal.

Justin Bishop, the Defendant's probation officer, testified that when the Defendant was transferred to his supervision in Jefferson County, the Defendant reported twice out of the first three months of supervision. Since that time, however, he failed to report for well over a year leading up to the hearing. Bishop also testified that the Defendant failed to report any of the new charges brought against him by Detective Beal.

The Defendant testified and admitted that he failed to report to Bishop. According to the Defendant, after he was released from confinement on his most recent probation violation, he was placed on probation in Jefferson County for an unrelated prior misdemeanor conviction there. The Defendant testified that he believed his assignment to

the new probation officer on this unrelated misdemeanor conviction meant that he was no longer required to report to Bishop. He also testified that he was not guilty of the most recent charges. According to the Defendant, his girlfriend, not he, was the owner of the truck from which a portion of the stolen property and the burglary tools were seized, and he was merely a passenger. The Defendant also admitted to a drug abuse problem in the form of an ongoing addiction to prescription pills.

The trial court concluded that there were sufficient facts to support, by a preponderance of the evidence, that the Defendant was in possession of burglary tools and stolen property and had committed at least the burglary to which the Defendant confessed. The trial court also concluded, based on the testimony of Bishop and the Defendant himself, that the Defendant failed to report his new arrests to Bishop. Based on this evidence, the trial court found a material violation of the terms of the Defendant's probation and revoked his suspended sentence in each case, ordering him to serve the balance of his remaining sentence in confinement.

## Analysis

The Defendant asserts that the trial court abused its discretion in revoking his probation and ordering confinement for the balance of his remaining sentence. He argues that he "reasonably suggested" a split confinement alternative involving drug treatment and that he denied being responsible for the stolen property. The State disagrees.

Probation revocations are "not a stage of a criminal prosecution," and thus, the standard of proof and rights due to a defendant in a criminal prosecution do not apply. Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973); see also State v. Wade, 863 S.W.2d 406, 407-08 (Tenn. 1993) (the "full panoply of rights due a defendant in criminal prosecutions do not apply" in revocation proceedings).[1] Tennessee Code Annotated section 40-35-311 provides the burden of proof for probation revocation proceedings:

> [i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . .

---

[1] In Gagnon v. Scarpelli, the United States Supreme Court held that while "probation revocation, like parole revocation, is not a stage of the criminal prosecution," the potential loss of liberty that could result does entitle defendants to certain standards of minimum process, such as a formal hearing, written notice, the opportunity to be heard in person and present witnesses, as well as the opportunity to confront adverse witnesses. 411 U.S. 778 at 786.

Tenn. Code Ann. § 40-35-311(e)(1) (2010); see also State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Farrar, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011). Thus, the State need only prove that the defendant violated the terms of his probation by a preponderance of the evidence. Id.

The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). On appeal, this Court will not disturb a trial court's probation revocation decision absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554-55 (Tenn. 2001); Farrar, 355 S.W.3d at 585. An abuse of discretion occurs when a trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

Detective Beal testified that the Defendant's new charges were based on evidence comprised of: (1) stolen property and burglary tools–including bolt cutters, pry bars, and a flashlight–seized from a truck belonging to the Defendant's girlfriend and in which he was a passenger at the time of the traffic stop; (2) stolen property seized from persons at various locations who claimed that they purchased the property from the Defendant; and (3) stolen property seized from the Defendant's girlfriend's house. Detective Beal further testified that, after receiving Miranda warnings, the Defendant confessed to committing one of the three burglaries. In addition, Mike Stevens testified to the value of at least some of the stolen property that was recovered.

Based on this, the trial court concluded that the State established, by a preponderance of the evidence, that the Defendant broke the laws of the State of Tennessee while on probation. We agree. Furthermore, Bishop and the Defendant both testified that the Defendant failed to report these new charges to his probation officer. We again agree with the trial court's conclusion that this testimony provided a sufficient basis to establish a probation violation by a preponderance of the evidence.

## Conclusion

Based on the foregoing, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering him to serve the balance of his sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JEFFREY S. BIVINS, JUDGE